Hay, Judge,
delivered the opinion of the court:
The plaintiff, a corporation, on December 13, 1918, entered into a written contract with the United States whereby it agreed to manufacture and deliver five thousand aero-navigation sets of a special type. The plaintiff proceeded to procure the necessary materials, and to make subcontracts with others for supplying certain of the necessary parts of the sets. One of its subcontracts was made with the Metallo-graph Corporation for five thousand sots of scales, one of the necessai'y parts for each navigation set, winch the plaintiff had agreed to make. The order for these scales was placed with the said corporation on January 15, 1919, and accepted on that date.
By telegram of January 25, 1919, the Air Service notified the plaintiff that a reduction in the number of sets was contemplated, and by letter of January 27, 1919, gave the plain *582 tiff formal notice that the number of sets must be reduced from five thousand to ten sets. The plaintiff upon receiving this notice immediately stopped all work in its shops, canceled all orders for material not already received, and notified the Metallograph Corporation to stop work on the scales ordered from it in excess of those required for completing ten sets.
A settlement contract was made on October 15, 1919, between the plaintiff and the United States for the sum of $15,163.90, which was in full settlement of all claims of the plaintiff, except a claim of the Metallograph Corporation above referred to. The United States, after an examination of this claim, considered it exorbitant, and suggested to the plaintiff that no settlement should be made by it with the Metallograph Corporation, whereupon the said corporation entered suit against the plaintiff in the courts of the State of New York.
The defendant was kept fully advised by the plaintiff as to the progress of this suit, which was carried on by the plaintiff for the benefit of the United States. In the trial court the suit, was dismissed. The Metallograph Corporation took an appeal to the appellate division and then to the Court of Appeals of New York, which last-named court entered a judgment against this plaintiff in the sum of $18,191.64. The plaintiff employed competent attorneys to defend the suit in the trial court, which employment -was known to the United States. When the case was appealed the plaintiff was represented in the higher court by an attorney of the Department of Justice.
Plaintiff’s costs in connection with the employment of an attorney up to the time the United States took over the. defense of the case were $1,150 for services and $433.01 for necessary expenses, both of which charges were reasonable. At the conclusion of the litigation the plaintiff was advised by the United States attorney in charge of the case that it would have to pay the judgment, which it did; the judgment was made up as follows:
*583 Judgment Apr. 26, 1923-$17, 517.62
Interest to Oct. 26,1923_ 526. 52
Printing points (Court of Appeals)- 58. 50
Costs — Court of Appeals before argument- 30. 00
For argument_ 60. 00
18,191.64
. The plaintiff after having paid the judgment, together with the sum of $2,739.51, attorneys fees and costs, made claim under the contract of October 15, 1919, for reimbursement, and the United States referred the claim to the General Accounting Office with the recommendation that it be paid. By decision of the Comptroller General March 17, 1924, the plaintiff was allowed $13,400, which it has received, and its claim for the balance was disallowed. This balance represented the cost incurred by the plaintiff in defending the suit brought by the Metallograph Corporation against it, and amounts to the sum of $7,531.15.
The decision of the case depends upon the construction to be given to the following clause of the contract of October 15, 1919:
“ The contractor does hereby for itself, its successors and assigns, remise, release and forever discharge the Government of and from all and all manner of debts, dues, sum or sums of money, accounts, reckonings, claims and demands whatsoever due or to become due in law or in equity under or by reason of or arising out of said original contract, save and except the claim of the Metallograph Company, 1102 Brooks Avenue, New York City, one of the subcontractors holding a commitment from the contractor under said original contract, who has filed suit against the contractor arising o'ut of the suspension of the original order mentioned herein. The Government, in order to protect said contractor against said suit of the Metallograph Company, hereby assumes and agrees to pay the just and proper claim of said Metallograph Company, under the commitment of said contractor, growing out of the said suspension of said order by the Government, when the same is legally established by suit or the amount thereof is determined and certified to as proper and just by the liquidation division of the Air Service. Reimbursement to the contractor hereunder shall include the reasonable necessary expenses of a *584 proper defense of the said suit now pending against said contractor. To the end that said suit of the Metallograph Company may be rightfully and properly defended in the interest of the contractor and the Government, the contractor agrees to aid and furnish all necessary information that it may have in the prosecution of said suit to the Government, without any additional expense.”
Here we have an express agreement between the parties that the plaintiff should be reimbursed for the reasonable and necessary expenses of a proper defense of this suit, which at the time of the making of the contract was pending against the plaintiff. By what theory can the United States agree to pay the just and proper claim of the Metallograph Corporation, “ when the same is legally established by suit,” and yet refuse to pay to the plaintiff the cost which it incurred not for its own benefit but for the benefit of the United States? If the United States had been named the defendant, instead or the Arma Engineering Company, in the suit brought by the Metallograph Company the United States would have been compelled to pay the expenses and costs which it now claims the plaintiff should pay. But, after all, the provisions of the contract are clear and unmistakable. The United States are bound by these, and the plaintiff must be reimbursed.
The defendant raises some question as to whether there was authority under the contract of December 13, 1918, to make the contract of October 15, 1919. We have no evidence in this record as to what the provisions of the contract of December 13, 1918, were. That contract is not in evidence. We are clear that the contract of October 15, 1919, was made between the parties in good faith, and that the person executing it on behalf of the United States had authority to execute it and bind the United States by its terms.
Judgment will be awarded the plaintiff in the sum of $7,531.15. It is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Graham, Judge, took no part in the decision of this case.